IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>GREGORIO MIRANDA-MARTINEZ,<br>    Defendant. | No. CV 06-920-PHX-EHC (BPV)<br>CR 04-0345-PHX-EHC (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On March 30, 2006, Gregorio Miranda-Martinez, ("Movant"), presently confined in the California City Correctional Center, California City, California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. #25). The Magistrate Judge recommends that the District Court enter an order denying the Motion.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Miranda-Martinez is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required.

**I.   PROCEDURAL BACKGROUND.**

On April 8, 2004, a grand jury returned an indicted charging Movant with three counts; Felon in Possession of Firearm; Illegal Alien in Possession of a Firearm; and Re-Entry after Deportation. (Doc. No. 1.)

On June 28, 2004, Miranda-Martinez pled guilty to Count 3 of the Indictment, Re-Entry after Deportation. (Doc. No. 6.)

1    The plea was conditioned only upon the understanding that the maximum term
2 Miranda-Martinez could receive imprisonment for twenty (20) years, and a term of
3 supervised release of up to three years, and a fine of $250,000.00, and that the United
4 States would recommend a sentence of imprisonment at the low end of the applicable
5 guideline.  (Doc. No. 12, p.2.)

6    The United States agreed to move to dismiss Counts 1 and 2 of the Indictment
7 after Defendant was sentenced on Count 3 of the Indictment.  (Doc. No. 12., p. 3.)

8    The plea agreement also contained a waiver of Miranda-Martinez' appeal rights:
9 "Defendant hereby waives any right to raise on appeal or collaterally attack any matter
10 pertaining to this prosecution and sentence if the sentence imposed is consistent with
11 the terms of this agreement."  (Doc. No. 12, p.4.)

12    Miranda Martinez was sentenced on October 22, 2004. (Doc. No. 10.)  The
13 Court sentenced him to a prison term of eighty-seven (87) months.  (Doc. No. 11.)
14 Miranda Martinez was also ordered placed on supervised release for a period of three
15 years following his release from imprisonment.  (Id.)

16    On October 27, 2004, Miranda-Martinez filed a Notice of Appeal.  (Doc. No.
17 13.)  The Ninth Circuit Court of Appeals affirmed the judgment of the District Court
18 on July 14, 2005.  (Doc. No. 24.)

19    Miranda-Martinez next filed the present § 2255 action. (Doc. No. 25.) He raises
20 three grounds for relief: (1) sentencing calculation errors regarding the proper criminal
21 history category; (2) his plea was not consistent with his sentence; and (3) counsel was
22 ineffective by not adequately representing Movant's interests in the terms of the plea
23 and regarding the calculation of his sentence under the guideline.  (Doc. No. 25, p.5.)

24    On April 11, 2007, the District Court called for an answer from the United States
25 Attorney.  (Doc. No. 27.)  The Government filed a Response to Defendant's Motion to
26 Vacate, Set Aside or Correct Sentence on August 8, 2006, with exhibits one through six
27 attached.  (Doc. No. 31.)  No reply was filed.

28

1 **DISCUSSION**

2     **A.  Timeliness**

3     Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one
4 year period of limitations from the date on which the judgement of conviction becomes
5 final has been imposed on the filing of motions for collateral relief by prisoners in
6 federal custody. 28 U.S.C. § 2255. The Magistrate Judge finds the Motion timely filed.

7     **B.     Waiver**

8     The Government asserts that the Court should deny the Motion because Movant
9 knowingly, intelligently, and voluntarily waived his right to collaterally attack his
10 sentence.

11     Movant has waived challenges to his sentence. The Ninth Circuit Court of
12 Appeals has found that there are "strict standards for waiver of constitutional rights."
13 *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is
14 impermissible to presume waiver from a silent record, and the Court must indulge every
15 reasonable presumption against waiver of fundamental constitutional rights. *Id*. In this
16 action, Movant's waiver was clear, express, and unequivocal.

17     Plea agreements are contractual in nature, and their plain language will generally
18 be enforced if the agreement is clear and unambiguous on its face. *United States v.*
19 *Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory
20 right to bring a § 2255 action challenging the length of his sentence. *United States v.*
21 *Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The only claims that cannot be waived are
22 claims that the plea or waiver itself was involuntary or that ineffective assistance of
23 counsel rendered the plea or waiver involuntary. *See Lampert*, 422 F.3d at 871 (holding
24 that a plea agreement that waives the right to file a federal habeas petition pursuant to
25 § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that
26 challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt
27 that a plea agreement could waive a claim that counsel erroneously induced a defendant

28

1  to plead guilty or accept a particular plea bargain); *see also Jeronimo*, 398 F.3d at 1156
2  n.4 (declining to decide whether waiver of all § 2255 rights included ineffective
3  assistance of counsel claims implicating the voluntariness of the waiver).

4      "Collateral attacks based on ineffective assistance of counsel claims that are
5  characterized as falling outside [the category of ineffective assistance of counsel claims
6  challenging the validity of the plea or the waiver] are waivable."  *United States v.*
7  *Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*,
8  396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and
9  Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily
10 and knowingly, pursuant to a plea agreement, precludes the defendant from attempting
11 to attack, in a collateral proceeding, the sentence through a claim of ineffective
12 assistance of counsel during sentencing.")**.**

13     "'Generally, courts will enforce a defendant's waiver of his right to appeal if 1)
14 the language of the waiver encompasses the defendant's right to appeal on the grounds
15 claimed on appeal, and 2) the waiver is knowingly and voluntarily made."' *United*
16 *States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotation
17 omitted).  Although waiver of the right to appeal would not prevent an appeal where the
18 sentence imposed is not in accordance with the negotiated agreement, a waiver is valid
19 even if a defendant does not know the exact nature of what appellate issues might later
20 arise at the time the defendant enters the waiver. *Navarro-Botello*, 912 F.2d at 321.

21     Miranda-Martinez does not challenge the validity of the waiver.  The Plea
22 Agreement expressly waived Movant's right to collaterally attack the sentence. (Doc.
23 No. 12, p. 4.)  The Plea Agreement further stated that Miranda-Martinez agreed that his
24 attorney had fully advised him of the nature of the charges to which he was entering a
25 plea, that the guilty plea was not the result of force, threats, assurances or promises, that
26 his acceptance of the plea was voluntary, and that he agreed to be bound by its
27 provisions.  (Doc. No. 12, p. 8.)

28

- 4 -

At Miranda-Martinez' change of plea hearing, he was placed under oath and the Court queried him on his ability to understand his attorney. (Response, R/T 06/28/04, 2-5.) Miranda-Martinez responded that he was able to understand him in Spanish, and that he read the Plea Agreement to him. (Id., 5-6.) Miranda-Martinez acknowledged that he signed the plea agreement. (Id., 4-5.)

The court informed Miranda-Martinez of the constitutional rights he would forfeit by pleading guilty. (Id., 13-15.) The court specifically directed Miranda-Martinez' attention to the waiver of appeal rights and the right to file a petition for habeas corpus in the plea agreement. (Id., 13). Movant said he understood and was willing to give up these rights by pleading guilty. (Id.) The plea colloquy indicates Miranda-Martinez was aware of the waiver provision in the plea agreement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

The court concludes Miranda-Martinez was aware of the waiver provision in the plea agreement when he pleaded guilty. The Plea Agreement signed by the Movant demonstrates that Movant entered a knowing, intelligent and voluntary waiver of his right to appeal or collaterally attack any matter pertaining to the prosecution or sentence. The Magistrate Judge finds that the Movant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence.

Movant's assertions in his § 2255 Motion pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. The Court specifically found that Movant was sentenced "accordingly to your plea agreement and, therefore, find that you have waived your rights to appeal the sentence that has been imposed on you." (Response, R/T/ 10/22/04, 15.) Consequently, the Court finds that Movant waived the

sentencing issues raised in his § 2255 Motion.  Thus, the Magistrate Judge recommends that the District Court dismiss the Motion for lack of jurisdiction.  Accordingly,

**RECOMMENDATION**

After careful consideration of the Motion to Vacate, Set Aside, or Correct Sentence and all papers filed in this action, the Magistrate Judge recommends that the District Court deny Movant's motion.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

If objections are filed, the parties should use the following case numbers: CR 04-345-PHX-EHC and CV 06-0920-PHX-EHC.

DATED this 11th day of May, 2007.

_____
Bernardo P. Velasco
United States Magistrate Judge